IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANGELA YVETTE                                              PLAINTIFF
RODGERS McKISSICK

v.                                              CAUSE NO.1:23CV97-LG-BWR

HARRISON COUNTY
SHERIFF DEPARTMENT *On
Behalf of Biloxi VA*; VA Biloxi
MHS Bldg 25 Restricted Unit;
and CAROL FRAISER *LCSW*                                   DEFENDANTS

## ORDER GRANTING DEFENDANTS' MOTION
## TO SUBSTITUTE PARTY AND MOTION TO DISMISS

**BEFORE THE COURT** are the [4] Motion to Substitute Party and [6]

Motion to Dismiss filed by Defendants VA Biloxi MHS 25 Restricted Unit (hereafter

"VA Biloxi") and Carol Fraiser.  Plaintiff Angela Yvette Rodgers McKissick, who is

proceeding pro se, did not file a response in opposition to the Motions.  After

reviewing the Motions, the record in this matter, and the applicable law, the Court

finds that the Motions should be granted.

## BACKGROUND

Carol Frasier, LCSW, filed a petition for mental commitment of Angela

McKissick on March 11, 2022, in the Chancery Court of Harrison County,

Mississippi, Eighth District.  On April 15, 2023, after her apparent release,

McKissick filed a "Motion for Unsealing of Document Ordering Involuntary

Commitment" [sic].  The style of this "Motion" listed "Harrison County Sheriff Dept

on Behalf of Biloxi VA" as the defendant.  (ECF No. 1-2).  Summonses were issued

that listed Carol Fraiser, LCSW, and VA Biloxi as defendants.  In her "Motion,"
McKissick claims that she was sexually assaulted while a patient at VA Biloxi
hospital, and upon release she had a sexually transmitted disease, a condition that
was misdiagnosed by VA Biloxi.  She further asserts that she was falsely accused of
being noncompliant with her medications and that Fraiser decided to have
McKissick committed in order to cover up the fact that McKissick's son had been
sexually abused by one of Fraiser's relatives.  At the close of her "Motion,"
McKissick "prays this Court will grant the relief requested" without further details.
(*Id.* at 5).

On April 12, 2023, the United States Attorney for the Southern District of
Mississippi, Darren LaMarca, certified that Fraiser was acting within the course
and scope of her employment as an employee of the federal government at the time
of the alleged matter out of which this cause of action arose.  (ECF No. 1-1).
Subsequently, VA Biloxi and Fraiser removed the case to this Court pursuant to 28
U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2).  The defendants now move for
substitution of the United States of America as the sole defendant in this matter
pursuant to the Westfall Act, 28 U.S.C. § 2679(b)(1).  They also seek dismissal
pursuant to Fed. R. Civ. P. 12(b)(1).

## DISCUSSION

As the Fifth Circuit has explained,

The Federal Tort Claims Act (FTCA) waives the United States'
sovereign immunity from tort lawsuits, 28 U.S.C. § 2674, and is the
exclusive remedy for compensation for a federal employee's tortious
acts committed in the scope of employment.  28 U.S.C. § 2679.  To sue

successfully under the FTCA, a plaintiff must name the United States
as the sole defendant.

*McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998); *see also* 28 U.S.C. § 2679(a),

(b)(1)).  Therefore, the Act requires substitution of the United States as the sole

defendant in a tort lawsuit brought against a government employee.  *McGuire*, 137

F.3d at 324.

The FTCA also requires plaintiffs to raise claims with the federal agency

prior to initiating litigation.  28 U.S.C. § 276(a).  Exhaustion with the federal

agency is a "jurisdictional prerequisite for FTCA claims that cannot be waived."

*Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019).  For exhaustion, the

plaintiff must have "presented the claim to the appropriate Federal agency," and

the agency must have denied the claim.  28 U.S.C. § 2675(a).  If a plaintiff cannot

show exhaustion, she has not pleaded a federal question.  *See Coleman*, 912 F.3d at

834.

Cynthia Hernandez, the Deputy Chief Counsel for the Office of General

Counsel Torts Law Group of the United States Department of Veterans Affairs, has

testified by declaration that she "conducted a diligent search of the tort records and

database of VA's Office of General Counsel.  No record of an administrative tort

claim was found for the name of Angela Y. McKissick nor Angela Y. Rodgers

McKissick."  (Defs.' Mot., Ex. A at 2, ECF No. 6-1).  She further testified:

> Our office also conducted a diligent search of the benefits claims
> database known as the Veterans Benefits Management System
> (VBMS) used by the Veterans Benefits Administration (VBA) for any
> record of a tort claim with the possibility in mind that a tort claim
> could have inadvertently been misdirected to VBA.  No record of a tort

claim was found in the VBMS database for the name of Angela Y. McKissick nor Angela Y. Rodgers McKissick.

(*Id.* at 3). McKissick has not disputed this testimony. Since McKissick did not exhaust her claim with the Department of Veterans Affairs before filing this lawsuit, her claims must be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' [4] Motion to Substitute Party is **GRANTED**. The Clerk of Court is directed to substitute the United States of America as the sole defendant to this lawsuit.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants' [6] Motion to Dismiss is **GRANTED**. This lawsuit is hereby **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED** this the 9th day of May, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE